UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------------ x

UNITED STATES OF AMERICA,                                    :

                                                             :

            -against-                                        :     **ORDER GRANTING MOTION**
                                                             :     **FOR TURNOVER ORDER**
                                                             :
                                                             :     19 Cr. 437 (AKH)
                                                             :
MARC LAWRENCE,                                               :

                                Judgment Debtor,             :

and                                                          :

UBS FINANCIAL SERVICES, INC.,                                :

                                                             :

                                                             :
                                Third Party Respondent.      :
------------------------------------------------------------------ X

ALVIN K. HELLERSTEIN, U.S.D.J.:

         On October 19, 2020, Defendant Marc Lawrence pled guilty to two counts of

securities fraud in violation of 15 U.S.C. § 78j(b) and 78ff and one count of wire fraud in

violation of 18 U.S.C. § 1343. On June 9, 2021, I sentenced him to 55 months imprisonment and

payment of $4,450,000, plus interest, in restitution. Judgment was entered on June 29, 2021.

*See* ECF No. 129. As of December 3, 2021, Lawrence had made only $300 of payments toward

restitution. The Government, arguing the judgment against Lawrence acts as a lien on his

property, now seeks an order directing UBS to liquidate and turn over funds held in Lawrence's

IRA. On October 4, 2021, Lawrence finalized a divorce settlement, which provided that

Kellleen Schuster—Lawrence's former spouse—would receive one-half of the UBS IRA as

settlement for temporary spousal support arrears. In her third-party submission, Schuster

requests that I refrain from issuing the turnover order. In a separate submission, Lawrence

acknowledges his obligation to pay restitution and to pay his spousal support arrears, but

requests that I leave $7,000 in his UBS IRA to cover future medical expenses. For the reasons that follow, the Government's motion is granted.

The June 29, 2021 judgment and restitution order against Lawrence operate as "a lien in favor of the United States on all property and rights to property of the person fined as if the liability of the person fined were a liability for a tax assessed under the Internal Revenue Code." 18 U.S.C. § 3613(c). The divorce judgment involving Lawrence and Schuster was not entered until October 4, 2021 in Lorain County, Ohio. Under Ohio law, the marital property of one spouse is subject to the support of the other, unless the rights of creditors with superior claims intervene. *See Travelers Ins. Co. v. Rattermann*, 1996 WL 149332, at *5 (S.D. Ohio, Jan. 12, 1996). Because the judgment and restitution order predate the divorce judgment, Lawrence's interest in his UBS IRA account that passed to Schuster via the divorce judgment was subject to a federal lien. *See S.E.C. v. Vuono*, 2013 WL 6837568, at *7 (S.D.N.Y. Dec. 23, 2013) (federal lien acquired before divorce finalized not impaired by divorce); *see also United States v. Kollintzas*, 501 F.3d 796, 799 (7th Cir. 2007) (affirming that, in the seventh circuit, a § 3613 lien on one spouse's property is superior to the other spouse's claim to marital property in divorce).

Because the Government may enforce the June 29 restitution order as it would a civil judgment, *see* 18 U.S.C. §§ 3613(a) and (f), it is entitled to the turnover order it seeks. Here, the Government may act as Lawrence would to make a distribution from his IRA. *United States v. National Bank of Commerce*, 472 U.S. 713, 725 (1985); *United States v. Cohan*, 798 F.3d 84, 89 (2d. Cir. 2015). Because Lawrence, at age 67, is older than 59½, he may elect to receive a distribution from his IRA to the full extent of the funds therein. Through its lien on Lawrence's interest in his IRA, the Government may elect to receive such a distribution for payment toward Lawrence's restitution obligation. *See id.*

In her submission, Schuster expresses support for the Government's steps to make Lawrence pay his restitution obligations, but requests that I deny the motion for a turnover order

because Lawrence's actions have negatively affected her life and he has failed to provide spousal support. I am sympathetic to Schuster's situation, especially given that it appears she did not receive what she bargained for—unencumbered ownership of 50% of the UBS IRA—in her divorce arrangement with Lawrence. However, Schuster's situation does not override the Government's prior interest in the IRA, *see Rattermann*, 1996 WL 149332, at *5, and there is not a sufficient basis to prevent the Government from enforcing its rights. Additionally, Schuster presents no reason why her interests should take priority over those of Lawrence's victims.

Finally, Lawrence requests that $7,000 remain in the IRA account to cover future medical expenses. However, even assuming Lawrence would spend the funds on reasonable needs such as medical care, the decision of whether to liquidate the IRA rests with the Government. *Cohan*, 798 F.3d at 89. The Government has elected to receive a distribution of the entire amount of the IRA, which overrides Lawrence's interest in the funds, regardless of their intended purpose.

In accordance with the above, I hereby order Third Party Respondent UBS Financial Services, Inc. immediately to liquidate securities as needed to pay the full value of Lawrence's IRA to the Clerk of Court, to be credited toward Lawrence's criminal restitution obligation. The Clerk shall terminate ECF No. 136.

SO ORDERED.

Dated:     January 26, 2022
           New York, New York

ALVIN K. HELLERSTEIN
United States District Judge