UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------- x
UNITED STATES OF AMERICA,

        -against-

MARC LAWRENCE,

                      Judgment Debtor,

and

UBS FINANCIAL SERVICES, INC.,

                  Third Party Respondent.
------------------------------------------------------------- X

**ORDER GRANTING MOTION FOR TURNOVER ORDER**

19 Cr. 437 (AKH)

ALVIN K. HELLERSTEIN, U.S.D.J.:

        On October 19, 2020, Defendant Marc Lawrence pled guilty to two counts of securities fraud in violation of 15 U.S.C. § 78j(b) and 78ff and one count of wire fraud in violation of 18 U.S.C. § 1343.  On June 9, 2021, I sentenced him to 55 months imprisonment and payment of $4,450,000, plus interest, in restitution.  Judgment was entered on June 29, 2021. *See* ECF No. 129.  As of December 3, 2021, Lawrence had made only $300 of payments toward restitution.  On January 26, 2022 I granted the Government's motion for a turnover order of funds Lawrence held in an IRA.  ECF No. 149.  On March 1, 2022 the Government filed the instant motion seeking a turnover order of Lawrence's monthly annuity held by Metropolitan Tower Life Insurance Company ("MetLife").  ECF No. 154.  As of March 24, 2022 Lawrence had not opposed the motion.  For the reasons that follow, the Government's motion is granted.

        The June 29, 2021 judgment and restitution order against Lawrence operate as "a lien in favor of the United States on all property and rights to property of the person fined as if

the liability of the person fined were a liability for a tax assessed under the Internal Revenue Code." 18 U.S.C. § 3613(c); *see also United States v. Lumiere*, 2021 WL 4710778, at *3 (S.D.N.Y., Oct. 7, 2021).

Because the Government may enforce the June 29 restitution order as it would a civil judgment, *see* 18 U.S.C. §§ 3613(a), (b) and (f), it is entitled to the turnover order it seeks. Even had Lawrence opposed the Government's motion, any interest he has in his annuity is subject to the lien, and there is no exception that may apply. *See United States v. Jaffe*, 417 F.3d 259, 265 (2d Cir. 2005). Additionally, I find that the Government has otherwise satisfied the requirements to obtain a turnover order of Lawrence's annuity. *See Beauvais v. Allegiance Sec., Inc.*, 942 F.2d 838, 840 (2d Cir. 1991) (party seeking a turnover order must show (1) "the judgment debtor 'has an interest' in the property the creditor seeks to reach" and (2) find either "that the judgment debtor is 'entitled to the possession of such property,' or . . . that 'the judgment creditor's rights to the property are superior' to those of the party in whose possession it is") (quoting N.Y. C.P.L.R. 5225(b)).

In accordance with the above, the motion for a turnover order is granted. I hereby order Third Party Respondent Metropolitan Tower Life Insurance Company to submit the full liquidated value of the Lawrence's monthly annuity to the Clerk of Court until his release from prison, and then reduce the rate of withholding and turnover to 25% thereafter, in partial satisfaction of the judgment in this case. The Clerk shall terminate ECF No. 154.

SO ORDERED.

Dated:   March 24, 2022              _/s/ Alvin K. Hellerstein___
         New York, New York          ALVIN K. HELLERSTEIN
                                     United States District Judge