UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------- x
                                                                                    :

UNITED STATES OF AMERICA,                       :    **ORDER DENYING MOTION**
                                                                                   :    **FOR COMPASSIONATE**
                -against-                                                   :    **RELEASE**
                                                                                     :
MARC LAWRENCE,                                    :    19 Cr. 437 (AKH)
                                                                                     :
                                               Defendant.                :
                                                                                      :
-------------------------------------------------------------- x

ALVIN K. HELLERSTEIN, U.S.D.J.:

        Defendant Marc Lawrence moves to reduce his sentence, pursuant to 18 U.S.C. § 3582(c)(1)(A).  *See* ECF No. 170.  Lawrence contends that his current health conditions and the COVID-19 pandemic constitute "extraordinary and compelling" circumstances warranting compassionate release.  The Government opposes, arguing Lawrence has not demonstrated "extraordinary and compelling" reasons justifying release, and that the 18 U.S.C. § 3553(a) sentencing factors weigh against a reduction in sentence.  For the reasons discussed below, Lawrence's motion is denied.

## BACKGROUND

        On October 19, 2020, Defendant Marc Lawrence pled guilty to two counts of securities fraud in violation of 15 U.S.C. § 78j(b) and 78ff and one count of wire fraud in violation of 18 U.S.C. § 1343.  On June 9, 2021, I sentenced him to 55 months imprisonment and payment of $4,450,000, plus interest, in restitution.  Specifically, Lawrence and co-defendant David Wagner served in executive positions at corporate entities, collectively known as "Downing."  Although Lawrence and Wagner represented to would-be investors and potential employees that Downing was a venture capital fund, in reality it operated similar to a Ponzi scheme.  Although Lawrence realized Wagner was engaged in orchestrating this fraud a few

months after Lawrence joined Downing, Lawrence continued to recruit new employees, organize new investments, and aid Wagner in carrying out the fraud. In particular, Lawrence and Wagner provided potential investors and employees with "private offering memoranda" that contained false and misleading information about Downing and its prospects.

Eventually, the scheme collapsed and on June 14, 2019, Lawrence was charged with one count of conspiracy to commit securities fraud, two counts of securities fraud, one count of conspiracy to commit wire fraud, and one count of wire fraud. After entering a plea agreement, on October 19, 2020, Lawrence plead guilty to two counts of securities fraud and one count of wire fraud.

On June 9, 2021, I sentenced Lawrence to a below-guidelines sentence of 55 months' imprisonment, coupled with three years of supervised release. Although the applicable guidelines range was 78 months to 98 months imprisonment, I considered that Lawrence's age, medical history, and lesser culpability as compared to Wagner weighed in favor of a below-guidelines sentence. *See* Sent. Tr. at 31:8–33:7. Subsequently, on June 21, 2022, Defendant filed a motion pursuant to Federal Rule of Criminal Procedure 35(a) to correct his sentence, based on certain statements the Government made at sentencing. I denied that motion the following day. *See* ECF Nos. 127–28. Then, on September 22, 2021, Lawrence requested to extend his surrender date to allow him to undergo a surgery, and I allowed Lawrence to extend his surrender date to November 5, 2021.

Lawrence began serving his term of incarceration on November 5, 2021 and his expected release date is September 25, 2025. After complying with the applicable exhaustion requirements, he filed the instant motion for compassionate release on July 11, 2022.

## DISCUSSION

### I. Legal Standard

"A court may not modify a term of imprisonment once it has been imposed except pursuant to statute." *United States v. Gotti*, 433 F.Supp.3d 613, 614 (S.D.N.Y. 2020); *see also United States v. Brooker*, 976 F.3d 228, 237–38 (2d Cir. 2020). Section 3582 of Title 18 of the U.S. Code provides one such exception by permitting a court to modify a term of imprisonment "upon motion of the defendant" if the defendant has exhausted certain administrative requirements. 18 U.S.C. § 3582(c)(1)(A). Under these circumstances, a court may reduce the defendant's sentence only if it finds that "extraordinary and compelling reasons warrant such a reduction" and "such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A)(i); *see also Concepcion v. United States*, 142 S.Ct. 2389, 2404 (2022) (holding that district courts have wide discretion to consider intervening changes of law or fact in reducing sentences under the First Step Act). In so doing, the Court must also consider "the factors set forth in [18 U.S.C. §] 3553(a) to the extent that they are applicable." 18 U.S.C. § 3582(c)(1)(A). "Application of the § 3553(a) factors requires an assessment of whether the relevant factors 'outweigh the "extraordinary and compelling reasons" warranting compassionate release . . . [and] whether compassionate release would undermine the goals of the original sentence.'" *United States v. Daugerdas*, --- F. Supp. 3d ---, 2020 WL 2097653, at *4 (S.D.N.Y. May 1, 2020) (alterations in original) (quoting *United States v. Ebbers*, 432 F. Supp. 3d 421, 430–31 (S.D.N.Y. 2020)).

In the Second Circuit, the policy statement issued by the U.S. Sentencing Commission pertaining to compassionate release, section 1B1.13 of the Sentencing Guidelines, "cannot constrain district courts' discretion to consider whether any reasons are extraordinary and compelling." *Brooker*, 976 F.3d at 236. "However, courts remain free—even after

3

*Brooker*—to look to § 1B1.13 for guidance in the exercise of their discretion." *United States v. Burman*, 2021 WL 681401, at *5 (S.D.N.Y. Feb. 21, 2021) (internal quotation marks omitted); *see also Concepcion* 142 S.Ct. at 2404.

The relevant policy statement provides that a reduction is permitted if "[e]xtraordinary and compelling reasons warrant the reduction" and "defendant is not a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g)." U.S.S.G. § 1B1.13. So far as is pertinent here, the Application Notes to that policy statement provide that a defendant can make a showing of an "extraordinary and compelling reason" by demonstrating severe medical infirmity as follows:

> (A) Medical Condition of the Defendant.—
>
>> (i) The defendant is suffering from a terminal illness (*i.e.*, a serious and advanced illness with an end of life trajectory). A specific prognosis of life expectancy (*i.e.*, a probability of death within a specific time period) is not required. Examples include metastatic solid-tumor cancer, amyotrophic lateral sclerosis (ALS), end-stage organ disease, and advanced dementia.
>>
>> (ii) The defendant is—
>>
>>> (I) suffering from a serious physical or medical condition,
>>>
>>> (II) suffering from a serious functional or cognitive impairment, or
>>>
>>> (III) experiencing deteriorating physical or mental health because of the aging process,
>>
>> that substantially diminishes the ability of the defendant to provide selfcare within the environment of a correctional facility and from which he or she is not expected to recover.
>
> (B) Age of the Defendant.—The defendant (i) is at least 65 years old; (ii) is experiencing a serious deterioration in physical or mental health because of the aging process; and (iii) has served at least 10 years or 75 percent of his or her term of imprisonment, whichever is less.

4

U.S.S.G. § 1B1.13, Application Note 1.  The moving party bears the burden of proving that extraordinary and compelling reasons exist.  *See Ebbers*, 432 F. Supp. 3d at 426–27 (citing *United States v. Butler*, 970 F.2d 1017, 1026 (2d Cir. 1992)) ("A party with an affirmative goal and presumptive access to proof on a given issue normally has the burden of proof as to that issue."); *see also United States v. Clarke*, 2010 WL 4449443, at *1 (S.D.N.Y. Oct. 29, 2010) ("[I]f the defendant seeks decreased punishment, he or she has the burden of showing that the circumstances warrant that decrease.").

## II.  A Sentence Reduction is Not Warranted for Lawrence

Lawrence is unable to meet his burden to show that "extraordinary and compelling reasons" and the Section 3553(a) factors warrant reducing his sentence.  To begin, Lawrence has failed to articulate a sufficiently extraordinary or compelling reason why his sentence should be modified.  In support of his motion, Lawrence argues that the combination of COVID-19, his medical history, and the BOP's inability to provide medical treatment is an extraordinary and compelling justification for release.  The factors Lawrence identifies—taken individually or collectively—do not constitute an extraordinary and compelling rationale for a reduction in sentence.

### A.  COVID-19 & Lawrence's Medical Conditions

Serious as the COVID-19 pandemic is, Lawrence's situation does not constitute an extraordinary and compelling circumstance.  Specifically, Lawrence suffers from multiple medical conditions—including a history of ventricular tachycardia, craniopharyngioma, and other conditions—which he claims justifies his release. Although the Government does not downplay the severity of the pandemic or Lawrence's medical conditions, it points out that

Lawrence currently receives the medical attention he needs for his conditions, has already contracted and recovered from COVID-19, and is fully vaccinated. Additionally, the Government represents that FCI Coleman has taken substantial steps to control COVID-19 and repeatedly provided Lawrence with medical attention when requested.

I agree with other courts in this circuit that have found "the risk of COVID-19 for a vaccinated individual"—even one with Lawrence's medical history—"is substantially reduced to the point that a defendant will typically not be able to demonstrate extraordinary and compelling reasons after he has been vaccinated." *United States v. Jones*, 2021 WL 4120622, at *2 (S.D.N.Y. Sept. 9, 2021); *see also United States v. Fernandez*, 2021 WL 5304320, at *3 (Nov. 15, 2021) (finding vaccination sufficient to guard against risk of COVID, even in light of the Delta variant); *United States v. Garcia* 2022 WL 672758, at *2 (S.D.N.Y. Mar. 7, 2022) (no extraordinary circumstances based on COVID rick because of the efficacy of vaccines).

I consider that Lawrence has been diagnosed with serious medical conditions, including heart conditions such as ventricular tachycardia, and has previously suffered from a tumor on his pituitary gland, a condition known as craniopharyngioma. *See* People at Increased Risk, Ctrs. for Disease Control & Prevention, https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/index.html (last visited Aug. 30, 2022). Given that Lawrence has already contracted COVID and received a vaccine, the risk to his health is sufficiently limited. While "[t]he current COVID-19 pandemic is an unprecedented worldwide catastrophe . . . it does not warrant the early release of sentenced inmates in federal prisons . . . whose medical conditions and risk of contracting the virus cannot be deemed 'extraordinary and compelling.'" *United States v. Mood*, 2020 WL 3256333, at *1 (S.D.N.Y. June 16, 2020) (denying release to 53-year-old with diabetes, hypertension, and obesity where "[t]here is no question that [the defendant]

6

has health issues, but his condition is stable and has been effectively managed by routine monitoring and medication"). Additionally, the conditions universally applicable to all inmates at a given facility, including conditions instituted during the pandemic, do not give rise to extraordinary and compelling circumstances. *See United States v. Pinto-Thomaz*, 454 F. Supp. 3d 327, 331 (S.D.N.Y. 2020). In any case, the Government represents that the Coleman facility has made significant progress in its response to the virus,[1] which cuts against any potential finding that Lawrence's medical conditions in the context of the pandemic constitute an extraordinary and compelling reason for release.

Likewise, Lawrence has not demonstrated that the BOP cannot adequately address his medical needs. Although Lawrence may be able to acquire more attentive care outside a BOP facility, that does not render the conditions of his current confinement "extraordinary and compelling." Having reviewed Lawrence's medical records, which were submitted under seal, I conclude that his treatment has been sufficient and any purported shortcoming does not constitute an extraordinary or compelling reason for release. In his motion, Lawrence acknowledges that he receives medical care, despite the fact that it may not be the precise care he wishes to receive. Although I recognize Lawrence's conditions as significant, he "has not shown that his medical issues are sufficiently serious to modify his sentence." *United States v. Zubkov*, 460 F.Supp.3d 450, 457 (S.D.N.Y. 2020) (denying compassionate release to inmate who continued to receive medical care sufficient to address then-existing health issues). Of course, should Lawrence's health conditions worsen considerably, FCI Coleman

---

[1] At the time of the Government's submission, there were only eleven active COVID cases at Coleman. *See* Opp. Ltr. at 3. As of this writing, there are still eleven active COVID cases at FCI Coleman Low. *See* COVID-19, Fed. Bureau of Prisons, https://www.bop.gov/coronavirus/index.jsp (last visited Aug. 31, 2022).

7

should respond accordingly. *See id.*; *United States v. Russo*, 454 F.Supp.3d 270, 279-80 (S.D.N.Y. Apr. 14, 2020).

### B. Consideration of the Section 3553(a) Factors

Even assuming Lawrence had demonstrated extraordinary and compelling circumstances, I cannot conclude that release is proper. *See United States v. Keitt*, 21 F.4th 67, 73 (2d Cir. 2021) (weighing of Section 3553(a) factors can constitute independent reason for denying motion pursuant to 18 U.S.C. § 3582(c)(1)(A)). Weighing the Section 3553(a) factors, I find that reducing Lawrence's sentence would fail to "reflect the seriousness of the offense," "promote respect for the law," or "provide just punishment." 18 U.S.C. § 3553(a).

Most significantly, I already took into account Lawrence's age, medical history, efforts toward rehabilitation, and risks associated with incarceration when I sentenced him. In light of the same considerations that Lawrence argues justify early release, I sentenced Lawrence to a below-guidelines sentence of 55 months' imprisonment, even though the guidelines range was 78 to 98 months' imprisonment. Additionally, I already permitted Lawrence to delay his entry date after he underwent surgery in October 2021. "A further reduction in [Lawrence's] already significantly reduced sentence would tend to undermine the sentencing goals" and is not warranted in these circumstances. *United States v. Goode*, 2020 WL 58272, at *7 (S.D.N.Y. Jan. 6, 2020); *see also United States v. Hafen*, 2022 WL 2104468, at *4 (S.D.N.Y. June 10, 2022). Additionally, the nature of the crimes weighs against early release. Lawrence engaged in a years-long scheme to defraud investors and abused his position of trust to do so. He also induced some victims to join Downing, promising good salaries and opportunities for growth. *See* Sent. Tr. at 17:16–18:2; 31:22–32:6. As a result, Lawrence's victims—of whom there were more than 20—lost millions of dollars in life savings, which may never be repaid.

Releasing Lawrence after he has served only approximately 10 months of his sentence would disserve the important aims of accurately reflecting the seriousness of the offense and deterring future financial crimes. As I stated at sentencing, "the nature and circumstances of the offense indicate a severe offense, serious offense, an offense that deprived others of their life savings." *Id.* at 32:12–14. A sentence of less than 55 months would make light of the seriousness of the crime and would risk compromising deterrence of other financial crimes. *See id.* at 32:21–33:4. Accordingly, for the same reasons that necessitated Lawrence's 55-month sentence, which I incorporate by reference herein, I find that modifying his term of incarceration would disserve the above important sentencing factors.

## CONCLUSION

In sum, Lawrence's motion to reduce his sentence is denied. Accordingly, the Clerk shall terminate ECF No. 170 and mail a copy of this order to Defendant.

SO ORDERED.

Dated: September 1, 2022         /s/ Alvin K. Hellerstein
       New York, New York        ALVIN K. HELLERSTEIN
            United States District Judge